UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>FANDOM, INC.,<br><br>       Defendant. | Case No. 24-cv-01062-RFL<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION AND VACATING HEARING ON MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 15 and 20 |

      Vishal Shah and Jayden Kim, who are proceeding individually and on behalf of a putative California class, filed a First Amended Complaint ("FAC") against Fandom, Inc. alleging violations under section 638.51(a) of the California Invasion of Privacy Act. (Dkt. No. 15.) The FAC alleges federal diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). (*Id.* ¶ 9.) However, the FAC does not appear to meet the jurisdictional requirement of minimal diversity because Defendant is a California citizen and all members of the putative class are California citizens too.

      "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a federal court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). For cases brought as civil class actions with more than one hundred class members, as alleged here (Dkt. No. 15 ¶ 9), the requirements for diversity jurisdiction are satisfied where the amount in controversy "exceeds the sum or value of

1

$5,000,000, exclusive of interest and costs" and "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* at § 1332(d)(2)(A).

The FAC does not meet the requirement of alleging that "any member of [the] class of plaintiffs is a citizen of a State different from [the] defendant." *Id.* Defendant Fandom, Inc. is alleged to be a Delaware corporation, with its principal place of business located in California. (Dkt. No. 15 at ¶ 8.) A corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). Both plaintiffs Shah and Kim are alleged to be residents of California. (Dkt. No. 15 ¶¶ 6–7.) The putative class is defined as "all California residents who accessed the Website in California and had their IP address collected by the Trackers." (*Id.* at ¶ 106.)

This case does not meet the criteria for other bases for subject matter jurisdiction either. There is no federal question jurisdiction under 28 U.S.C. § 1331, because no federal claim is alleged. Nor is there traditional diversity jurisdiction under 28 U.S.C. § 1332 because, among other things, the named plaintiffs are citizens of the same state as the defendant.

Plaintiffs are therefore ordered to show cause why the case should not be dismissed for lack of subject matter jurisdiction. If Plaintiffs believe that the Court's analysis is incorrect, they may file a written response of no longer than five pages by **September 26, 2024**, explaining their position. Alternatively, if Plaintiffs wish to file a Second Amended Complaint that sufficiently alleges subject matter jurisdiction, they shall do so by that date. The Second Amended Complaint may not add new causes of action or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. **If Shah does not file supplemental briefing that demonstrates subject matter jurisdiction or a Second Amended Complaint that cures the defect in jurisdiction by that date, the Court may dismiss this case for lack of subject matter jurisdiction without further notice.**

The September 10, 2024 hearing on the motion to dismiss (Dkt. No. 20) is **VACATED**

and will be reset if and when subject matter jurisdiction is established.

**IT IS SO ORDERED.**

Dated: September 5, 2024

RITA F. LIN
United States District Judge