UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FANDOM, INC.,<br><br>        Defendant. | Case No. 24-cv-01062-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 20 |

The Court requests that the parties be prepared to address the following questions at the hearing on Defendant Fandom, Inc.'s Motion to Dismiss, set for October 1, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. Defendant argues that the Accused Code records users' voluntarily provided IP addresses, and therefore does not violate section 638.51(a). (Dkt. No. 20 at 10-14.) The Court understands this as an argument that the alleged conduct falls within the scope of the users' consent. But assuming the users voluntarily provided their IP addresses to the website in order to access it, does their consent extend to disclosing their IP addresses to the third-party trackers? What allegations in the Complaint support the conclusion that the scope of users' consent extends that far just by accessing the website?

2. Defendant argues that where IP addresses are "collected and sent by the Accused Code 'through' or 'within' a transmitted cookie," those addresses are being sent as "*content* of communications," which makes the Accused Code not a pen register. (Dkt. No. 20 at 20 (quoting FAC).) Why would the method by which a device sends the addressing information at issue (e.g., the phone number or IP address) determine whether the device is a pen register? For example, if a device on a telephone line sent an email every time a

2

call was made with the phone number being called, would that no longer be a pen register because the phone number was transmitted inside an email message?

**IT IS SO ORDERED.**

Dated: September 26, 2024

RITA F. LIN  
United States District Judge