1  RYAN TYZ (CSB No. 234895)
   ryan@tyzlaw.com
2  ERIN JONES (CSB No. 252947)
   ejones@tyzlaw.com
3  DEBORAH HEDLEY (CSB No. 276826)
   deborah@tyzlaw.com
4  STEPHANIE ALVAREZ SALGADO (CSB No. 334886)
   stephanie@tyzlaw.com
5  TYZ LAW GROUP PC
   4 Embarcadero Center, 14th Floor
6  San Francisco, CA 94111
   Telephone: 415.868.6900

   Attorneys for Defendant
   Fandom, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VISHAL SHAH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FANDOM, INC.,<br><br>    Defendant. | Case No: 3:24-cv-01062-RFL<br><br>**FANDOM, INC.'S STATEMENT OF RECENT DECISION IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## STATEMENT OF RECENT DECISION

Pursuant to Civil Local Rule 7-3(d)(2), Defendant Fandom, Inc. respectfully submits this Statement of Recent Decision in support of its pending Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion").

On September 24, 2024, Los Angeles Superior Court issued a ruling, in *Marielita Palacios v. Fandom, Inc.*, Case No. 24STCV11264. A true and correct copy is attached hereto as **Exhibit A**.

                Respectfully submitted,
                TYZ LAW GROUP PC

Dated: September 27, 2024        */s/ Deborah Hedley*
                Deborah Hedley

                Attorneys for Defendant
                FANDOM, INC.

# EXHIBIT A

DEPARTMENT 72 LAW AND MOTION RULINGS

**Case Number:** 24STCV11264   **Hearing Date:** September 24, 2024   **Dept:** 72

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

DEPARTMENT 72

TENTATIVE RULING

| | |
|---|---|
| MARIELITA PALACIOS,<br><br>Plaintiff,<br><br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No:  24STCV11264<br><br><br><br>Hearing Date:  September 24, 2024<br>Calendar Number:  10 |

Defendant Fandom, Inc. ("Defendant") demurs to the First Amended Complaint ("FAC") filed by Plaintiff Marielita Palacios ("Plaintiff"). Defendant additionally moves to strike certain portions of the FAC related to

punitive damages.

The Court SUSTAINS the demurrer WITH LEAVE TO AMEND. Plaintiff shall have 15 days from the issuance of this order to amend her complaint.

The Court DENIES the motion to strike as MOOT.

# Background

This case is brought under the California Invasion of Privacy Act ("CIPA"). The following facts are taken from the allegations of the FAC, which the Court accepts as true for the purposes of the demurrer.

Defendant owns and operates the website Fandom.com (the "Website"), a publicly-accessible entertainment website.

When a user accesses a website, the website exchanges information with the user's computer so that the website server can provide the user's computer with instructions on how to load the website. Plaintiff alleges that, as a part of this process, the Website causes users' computers to install code (the "Accused Code") which records the user's device's IP address.  (Complaint ¶ 52.)  Plaintiff alleges that the Accused Code then causes the user's browser to send the user's IP address to third-party software developers when the user visits the website for the first time and upon subsequent visits.  (Complaint ¶ 53.)

Plaintiff visited the Website in February 2024. Plaintiff alleges that the Accused Code collected her IP address.

Plaintiff filed this action on May 6, 2024. The operative complaint is now the FAC, which raises one claim for violation of CIPA, Penal Code section 638.51, subd. (a).

# Requests for Judicial Notice

The Court grants the parties' requests for judicial notice and takes notice of the submitted legislative materials as public records.

# Legal Standard

## Demurrer

As a general matter, in a demurrer, the defects must be apparent on the face of the pleading or via proper judicial notice. (*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 994.) "A demurrer tests the pleading alone, and not the evidence or facts alleged." (*E-Fab, Inc. v. Accountants, Inc. Servs.* (2007) 153 Cal.App.4th 1308, 1315.) The court assumes the truth of the complaint's properly pleaded or implied factual allegations. (*Ibid.*) The only issue a demurrer is concerned with is whether the complaint, as it stands, states a cause of action. (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 747.)

Where a demurrer is sustained, leave to amend must be allowed where there is a reasonable possibility of successful amendment. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 348.) The burden is on the plaintiff to show the court that a pleading can be amended successfully. (*Ibid*.; *Lewis v. YouTube, LLC* (2015) 244 Cal.App.4th 118, 226.) However, "[i]f there is any reasonable possibility that the plaintiff can state a good cause of action, it is error to sustain a demurrer without leave to amend." (*Youngman v. Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 245).

## Motion to Strike

The court may, upon a motion, or at any time in its discretion, and upon terms it deems proper, strike any irrelevant, false, or improper matter inserted in any pleading. (Code Civ. Proc., § 436(a).) The court may also strike all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court. (Code Civ. Proc., § 436(b).) The grounds for a motion to strike are that the pleading has irrelevant, false or improper matter, or has not been drawn or filed in conformity with laws. (Code Civ. Proc., § 436.) The grounds for moving to strike must appear on the face of the pleading or by way of judicial notice. (Code Civ. Proc., § 437.)

# Discussion

## Demurrer

A person who has been injured by a violation of CIPA may bring an action against the violator for the greater of $5,000.00 or three times the amount of actual damages, if any, sustained by the plaintiff. (Pen. Code, §

637.2, subd. (a).) "It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." (Pen. Code, § 637.2, subd. (c).)

"Except as provided in subdivision (b), a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." (Pen. Code, § 638.51, subd. (a).)

" 'Pen register' means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication. 'Pen register' does not include a device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider, or a device or process used by a provider or customer of a wire communication service for cost accounting or other similar purposes in the ordinary course of its business." (Pen. Code, § 638.50, subd. (b).)

" 'Trap and trace device' means a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." (Pen. Code, § 638.50, subd. (c).)

As Plaintiff explains, "[i]n plain English, a 'pen register' is a 'device or process' that records outgoing information, whereas a "trap and trace device' is a 'device or process' that records incoming information. A 'pen register' and 'trap and trace device' are collectively referred to herein as 'Pen-Traps' or 'PR/TT'." (FAC ¶ 13.) "Historically, law enforcement used 'pen registers' to record the numbers of outgoing calls from a particular telephone line, while law enforcement used 'trap and trace devices' to record the numbers of incoming calls to that particular telephone line. As technology advanced, however, courts have expanded the application of those surveillance devices consistent with changes in both federal and state law." (FAC ¶ 14.)

Defendant argues that Plaintiff has failed to allege that Defendant's website used a pen register or trap and trace device. Defendant argues that outgoing "dialing, routing, addressing, or signaling information", as defined in Penal Code, section 638.50, subd. (b), refers only to *destination* information – i.e., the information of the server that a computer is connecting to, but *not* the computer's own IP address. Plaintiff argues that a computer's IP address is included in outgoing "dialing, routing, addressing, or signaling information" within the meaning of the pen register statute.

Historically, courts recognized that "[a] pen register is a mechanical device which records the numbers dialed from a telephone[.]" (*People v. Blair* (1979) 25 Cal.3d 640, 654.) While the statutory definition of a pen register now includes electronic communications in mediums other than simply telephone communications, Plaintiff has not provided authority showing that the category of information collected by pen registers as defined by the statute has been expanded. The analog of the number dialed by a telephone here is the IP address and related information of a website accessed by a computer – but not the computer's own IP address.

Legislative materials from AB 929, which expanded the ability of law enforcement to use pen registers, also support this interpretation. "One of the tools available to law enforcement is called a 'pen register' which allows law enforcement officers to record all outgoing numbers from a particular telephone line. In addition, another tool law enforcement uses is called a 'trap and trace device' which allows them to record what numbers have called a specific telephone line, i.e. all incoming phone numbers." (Defendant's Request for Judicial Notice, Ex. 3 at p. 3, Concurrence in Senate Amendments, AB 929, June 17, 2015.)

The Court concludes that, as alleged, the Accused Code is not a pen register because it does not collect the destination information of communications from Plaintiff's computer.

Plaintiff argues that the Accused Code alternatively constitutes a trap and trace device, which is also prohibited by section 638.51. Plaintiff has not alleged that the Accused Code collects incoming information directed toward Plaintiff's computer. However, it is not entirely clear that Plaintiff could not allege such a function. The Court therefore sustains the demurrer with leave to amend.

## Motion to Strike

Because the Court sustains the demurrer with leave to amend, the Court denies the motion to strike as moot.