# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 26

**24STCV08972**  
**REBEKA RODRIGUEZ vs PLIVO INC., A DELAWARE CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN CALIFORNIA**

October 2, 2024  
10:00 AM

Judge: Honorable Mark E. Windham  
Judicial Assistant: M. Mata  
Courtroom Assistant: None

CSR: None  
ERM: None  
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): Matthew D. Pearson via LACC

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - with Motion to Strike (CCP 430.10)

The Court's tentative ruling is posted online and in Department 26 for the parties to review.

Defendant submits on the Court's tentative ruling via email.

There is no appearance by or for the Plaintiff this date.

The matter as captioned above, is not called for hearing.

The Court adopts its tentative ruling as the final order of the Court as follows:

RULING:

Defendant Plivo, Inc. dba www.plivo.com's Demurrer to the First Amended Complaint is SUSTAINED WITHOUT LEAVE TO AMEND.

ANALYSIS:

On April 10, 2024, Plaintiff Rebeka Rodriguez ("Plaintiff") filed the Complaint in this action against Defendant Plivo, Inc. dba www.plivo.com ("Defendant"). Following the filing of Defendant's demurrer to the Complaint, Plaintiff filed the First Amended Complaint on June 24, 2024.

Defendant filed the instant Demurrer to the First Amended Complaint on August 26, 2024. No opposition has been filed to date.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 26

| | |
|---|---|
| 24STCV08972 | October 2, 2024 |
| REBEKA RODRIGUEZ vs PLIVO INC., A DELAWARE CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN CALIFORNIA | 10:00 AM |

Judge: Honorable Mark E. Windham        CSR: None
Judicial Assistant: M. Mata                   ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

Discussion

Allegations in the First Amended Complaint

The First Amended Complaint alleges a single cause of action for violation of the California Invasion of Privacy Act ("CIPA") at Penal Code section 638.51(a). Plaintiff alleges that Defendant secretly deployed spyware at its website, www.plivo.com/ (the "Website") that accesses visitors' devices and installed tracking spyware before obtaining consent to do so, and then monitors and reports visitors' online habits after they leave the Website. (FAC, p. 2:2-3.) Plaintiff recently visited Defendant's Website and without Plaintiff's knowledge or consent, Defendant secretly accessed Plaintiff's device and installed "pen register" and "trap and trace" tracking software in violation of California law. (Id. at p. 2:5-7.) Cal. Penal Code section 638.51(a) prohibits any "person" from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." (Id. at ¶10.) Defendant installs the pen register or trap and trace device ("PR/TT") beacon on the user's browser, and such PR/TT beacon collects users' IP addresses. (Id. at ¶37.) Defendant uses the PR/TT beacon to "digitally fingerprint" each visitor but at no time prior to use of the PR/TT beacon obtained users' consent or a court order. (Id. at ¶¶52-53.) As a result, Plaintiff had her privacy invaded by Defendant's violations of Penal Code section 638.51(a). (Id. at ¶¶75.)

Demurrer

Defendant demurs to the First Amended Complaint for failure to allege facts sufficient to state a cause of action. (Citing Code Civ. Proc., § 430.10, subd. (e).) The demurrer is accompanied by a meet and confer declaration as required by Code of Civil Procedure section 430.41. (Motion, Pearson Decl., ¶3.)

The demurrer is brought on the grounds that section 638.51 of the CIPA does not prohibit the used of technology on a website to collect visitors' IP addresses and the First Amended Complaint does not allege facts that plausibly establish the use of a pen register. Penal Code section 638.51 subdivision (a) states in relevant part: "Except as provided in subdivision (b), a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." (Pen. Code, § 638.51, subd. (a).) A pen register is defined as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." (Pen. Code, § 638.50,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 26

| | |
|---|---|
| **24STCV08972** | October 2, 2024 |
| **REBEKA RODRIGUEZ vs PLIVO INC., A DELAWARE CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN CALIFORNIA** | 10:00 AM |

Judge: Honorable Mark E. Windham   CSR: None
Judicial Assistant: M. Mata   ERM: None
Courtroom Assistant: None   Deputy Sheriff: None

subd. (b).)

As there are no controlling state law cases on this statute, the Court must look to federal court rulings for guidance. In determining whether a device is a pen register, courts must look to the type of information being collected and not the device or process. (Greenley v. Kochava, Inc. (S.D. Cal. 2023) 684 F.Supp.3d 1024, 1050.) This is because what constitutes a pen register has changed as technology has shifted from telephone communication to internet-based communications. (In re Application of U.S. for an Ord. Authorizing use of A Pen Reg. & Trap On (XXX) Internet Serv. Acct./User Name, (xxxxxxxx@xxx.com) (D. Mass. 2005) 396 F. Supp. 2d 45, 47; Greenley, supra, 684 F.Supp.3d at 1050.)

Defendant argues that Plaintiff's IP address is not the type of information that parties are prohibited from collecting by CIPA. First, because Plaintiff voluntarily provided the information and could have no expectation of privacy in it. (See Smith v. Maryland (1979) 442 U.S. 735, 744.) This is implicit in the allegations explaining "the IP address enables a device to communicate with another device—such as a computer's browser communicating with a server." (FAC, ¶35.) Plaintiff's computer could not have accessed Defendant's website unless it provided her IP address.

Second, Plaintiff's IP address is not the type of information collected by pen registers. Pen registers collect outgoing information, such as outgoing telephone numbers, outgoing email addresses, IP addresses of websites visited, location data that reveals sensitive information, and cell site information. (In re Application of U.S. for an Ord. Authorizing use of A Pen Reg. & Trap, supra, 396 F. Supp. 2d at 48; Greenley, supra, 684 F.Supp.3d at 1047; (In re Application of U.S. for an Ord. for Disclosure of Telecommunications Recs. & Authorizing the Use of a Pen Reg. & Trap & Trace (S.D.N.Y. 2005) 405 F. Supp. 2d 435, 441; United States v. Forrester (9th Cir. 2008) 512 F.3d 500, 510.) Although Plaintiff alleges that the IP address could reveal the device's state, city, and zip code, this is not the type of sensitive data to which the Greenley court referred. (Greenley, supra, 684 F.Supp.3d at 1047 ["the Amended Complaint outlines a data collection system that compiles "rich personal data," including the "[i]dentification of sensitive and private characteristics of consumers from the location data sold."].) Plaintiff's device's city and zip code information is not analogous to this type of information, which included "a person's religious affiliation, sexual orientation, and medical condition." (Ibid.) Indeed, a federal district court asked to deny a plaintiff's discovery request that the defendants produce incoming IP addresses on the grounds that the discovery request violated the federal pen-register statute, refused to do so. (Columbia Pictures Indus. v. Bunnell (C.D. Cal. May 29, 2007) No. CV 06-

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 26

| | |
|---|---|
| **24STCV08972**<br>**REBEKA RODRIGUEZ vs PLIVO INC., A DELAWARE CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN CALIFORNIA** | October 2, 2024<br>10:00 AM |

Judge: Honorable Mark E. Windham           CSR: None
Judicial Assistant: M. Mata                ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

---

1093FMCJCX, 2007 WL 2080419, at *11 ["the collection of incoming IP addresses by defendants is exempt from this prohibition pursuant to 18 U.S.C. § 3121(b)(1) because defendants already and necessarily capture such data in their RAM (or Panther's RAM) to operate the website."].)

Based on the foregoing, Defendant has demonstrated that the First Amended Complaint fails to allege facts showing that it violated CIPA at Penal Code section 638.51, subdivision (a). Nor has Plaintiff filed any opposition to the instant Demurrer demonstrating what facts could be alleged to support this cause of action, as is Plaintiff's burden if seeking leave to amend. (Goodman v. Kennedy (1976) 18 Cal.3d 335, 348.) Leave to amend is denied.

Conclusion The Demurrer - with Motion to Strike (CCP 430.10) filed by Plivo Inc., a Delaware corporation with its principal place of business in California on 08/26/2024 is Sustained without Leave to Amend.

Moving party is to give notice.