**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         ehorne@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH and JAYDEN KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No. 3:24-cv-01062-RFL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION RECONSIDERATION, OR IN THE ALTERNATIVE, CERTIFYING ORDER FOR INTERLOCUTORY APPEAL**<br><br>Hon. Rita F. Lin |

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................2

    I.    There Is Not Substantial Ground For Disagreement Because Every Federal Court Has Decided The Issues The Same Way, And Other Decisions Are Distinguishable ........................................................................................................2

    II.   An Interlocutory Appeal Will Only Unnecessarily Delay The Litigation, Not Materially Advance Its Ultimate Termination ............................................................4

    III.  Even If There Is A Controlling Question, Allowing Discovery To Proceed Will Better Inform The Record ..................................................................................5

CONCLUSION ..............................................................................................................................5

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alicia T. v. Cnty. of Los Angeles*,
   222 Cal. App. 3d 869 (1990) .................................................................................................. 3

*Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*,
   144 S. Ct. 2440 (2024) ........................................................................................................... 3

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) .................................................................................................. 2

*Greenley v. Kochava, Inc.*,
   684 F. Supp. 3d 1024 (S.D. Cal. 2023) .................................................................................. 2

*In re Google Inc.*,
   2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ....................................................................... 4

*James v. Walt Disney Co.*,
   2024 WL 664811 (N.D. Cal. Feb. 16, 2024) ........................................................................... 5

*Javier v. Assurance IQ, LLC*,
   2022 WL 1744107 (9th Cir. May 31, 2022) ........................................................................... 4

*Kellman v. Spokeo, Inc.*,
   2022 WL 2965399 (N.D. Cal. July 8, 2022) ........................................................................... 2

*Moody v. C2 Educational Systems Inc.*,
   2024 WL 3561367 (C.D. Cal. July 25, 2024) ......................................................................... 2

*Nacarino v. Chobani, LLC*,
   2022 WL 833328 (N.D. Cal. Mar. 21, 2022) .......................................................................... 1

*People v. Blair*,
   25 Cal. 3d 640 (1979) ............................................................................................................ 4

*Shah v. Fandom, Inc.*,
   2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) ................................................................. 2, 3, 5

*Sonoda v. Amerisave Mortg. Corp.*,
   2011 WL 3957436 (N.D. Cal. Sept. 7, 2011) ......................................................................... 1

*Spears v. Washington Mut. Bank FA*,
   2010 WL 54755 (N.D. Cal. Jan. 8, 2010) ............................................................................... 2

*Stuart v. Radioshack Corp.*,
   2009 WL 1817007 (N.D. Cal. June 25, 2009) ........................................................................ 4

*Wilridge v. Marshall*,
    2014 WL 1217974 n.4 (N.D. Cal. Mar. 21, 2014) .................................................................. 4

*Yockey v. Salesforce, Inc.*,
    2024 WL 3875785 (N.D. Cal. Aug. 16, 2024) ...................................................................... 4

**STATUTES**

28 U.S.C. § 1292 ............................................................................................................................ 1

Cal. Penal Code § 638.50 ............................................................................................................... 5

**RULES**

Cal. R. Ct. 8.1115(a) ...................................................................................................................... 2

PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE RECON/INTERLOCUTORY APPEAL     iii
CASE NO. 3:24-cv-01062-RFL

Plaintiffs Vishal Shah and Jayden Kim ("Plaintiffs") respectfully submit this Opposition to Defendant Fandom, Inc.'s ("Fandom" or "Defendant') Motion for Leave to File a Motion for Reconsideration Or, In the Alternative, Certifying the Motion to Dismiss Order for Interlocutory Appeal (ECF No. 38) (the "Motion" or "Mtn.").

**INTRODUCTION**

On October 21, 2024, the Court issued an Order Denying Defendant's Motion to Dismiss (ECF No. 34) (the "Order"). The Order followed in the footsteps of two other federal courts deciding similar issues, as well as the plain language of CIPA § 638.50 and the pronouncements of the California Supreme Court and California Legislature to apply CIPA to protect Californians against new technologies. Defendant now seeks reconsideration of the Order, or certification of the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292. On November 19, 2024, Court ordered that Plaintiffs limit their response to whether the Order should be certified for interlocutory appeal. ECF No. 42.

"[C]ertification of an order for interlocutory appeal is appropriate when such order [i] involves a controlling question of law [ii] as to which there is substantial ground for difference of opinion and [iii] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Sonoda v. Amerisave Mortg. Corp.*, 2011 WL 3957436, at *1 (N.D. Cal. Sept. 7, 2011) (internal quotations omitted). However, the "general rule is that an appellate court should not review a district court ruling until after entry of a final judgment." *Id.* (cleaned up). Even with "difficult rulings in hard cases," interlocutory appeal "was not intended merely to provide review of" those rulings. *Nacarino v. Chobani, LLC*, 2022 WL 833328, at *1 (N.D. Cal. Mar. 21, 2022). Accordingly, "Section 1292(b) certifications should be used sparingly and only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Sonoda*, 2011 WL 3957436, at *1 (cleaned up).

For the following reasons, Defendant cannot show any one of the aforementioned factors warrants certification of the Order for interlocutory appeal, much less that all three do. Accordingly, the Order should not be certified for interlocutory appeal and the case should not be stayed.

## ARGUMENT

### I. THERE IS NOT SUBSTANTIAL GROUND FOR DISAGREEMENT BECAUSE EVERY FEDERAL COURT HAS DECIDED THE ISSUES THE SAME WAY, AND OTHER DECISIONS ARE DISTINGUISHABLE

Defendant advocates that "[t]here are [] substantial grounds for a difference of opinion on the legal issues decided in the Court's Order," warranting interlocutory appeal. Mtn. at 7:18-19. That is incorrect. *First*, the only three federal courts to decide the issue of whether third-party online trackers are "pen registers" have all been decided the same way. *Shah v. Fandom, Inc.*, --- F. Supp. 3d ---, 2024 WL 4539577, at *3-4 (N.D. Cal. Oct. 21, 2024); *Moody v. C2 Educational Systems Inc.*, --- F. Supp. 3d ---, 2024 WL 3561367, at *2-3 (C.D. Cal. July 25, 2024); *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023). It is hard to see how there is "substantial disagreement," let alone *any* disagreement, when all federal courts are in accord.[1]

*Second*, it is true that several state court decisions ruled differently. *See* Mtn. at 8:10-16 (citing cases). But "the existence of [a] district court case in some tension with [this Court's] does not constitute a 'substantial ground for difference of opinion' to such an extent as to justify short-circuiting the normal appellate process." *Kellman v. Spokeo, Inc.*, 2022 WL 2965399, at *2 (N.D. Cal. July 8, 2022); *see also Spears v. Washington Mut. Bank FA*, 2010 WL 54755, at *3 (N.D. Cal. Jan. 8, 2010) ("[T]he mere fact that one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion."); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.") (cleaned up).

Regardless, there are several problems with Defendant's position. As an initial matter, all three state court rulings are unpublished decisions by California state trial courts, which are not citable in California state courts and have no precedential value. *See* Cal. R. Ct. 8.1115(a) ("[A]n opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other

---

[1] A federal court in *Hughes v. Vivint, Inc.*, Case No. 2:24-cv-03081, ECF No. 23 (C.D. Cal. July 12, 2024), did not decide this issue because the plaintiff did not allege the privacy harm actually happened to her. *Id.* at 6-8.

action."). In fact, citing an unpublished case in California courts, unless the opinion meets a narrow set of criteria not applicable here, can be sanctionable. *See*, *e.g.*, *Alicia T. v. Cnty. of Los Angeles*, 222 Cal. App. 3d 869, 885 (1990), modified (Aug. 16, 1990) (sanctions imposed where, among other misconduct, "the T. family's counsel cited the unpublished case eight times in the reply brief and discussed it for four pages."). Accordingly, uncitable decisions should not form the basis for "substantial disagreement."

Moreover, as Plaintiffs explained in their Opposition to the Motion to Dismiss (ECF No. 21 at 3-4), the state court cases involved plaintiffs who asserted claims directly against websites for *their* collection of IP addresses, as opposed to the third party's collection, which this Court distinguished. *See Shah*, 2024 WL 4539577, at *5 ("A user who consents to disclose their IP address to Fandom as part of accessing its website does not necessarily consent to disclose their IP address to the third parties operating the Trackers."); *see also id.*, at *5 n.3 ("The cases on which [Defendant] rel[ies] involve situations where users were directly communicating with the party alleged to be operating the pen register and voluntarily sent that party their IP address."); Hedley Decl. Ex. 2 ¶ 52 ("Upon installing the PR/TT on its Website, *Defendant uses* the PR/TT to collect the IP address of visitors to the Website.") (emphasis added); Hedley Decl. Ex. 3 ¶ 52 (same).[2]

The state court decisions, unlike the federal court decisions, also all appeared to ignore the text of the statute, which controls as this Court recognized. *Compare Shah*, 2024 WL 4539577, at *3 ("[T]he Court's analysis must begin with the statutory text, and if that text is clear, must end there."); *and Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, --- U.S. ---, 144 S. Ct. 2440, 2454 (2024) ("As this Court has repeatedly stated, the text of a law controls over purported legislative intentions unmoored from any statutory text.") (cleaned up); *with* Hedley Decl. Ex. 1 at 3 (no mention of statutory text); *and* ECF No. 31 at 4-5 (same). Thus, none of the state court decisions present

---

[2] It does appear that counsel in *Palacios* and *Rodriguez* shamelessly copied many of Plaintiffs' factual allegations verbatim, as both *Palacios* and *Rodriguez* were filed after Plaintiffs' lawsuit. Notwithstanding this, counsel in *Rodriguez* and *Palacios* was unable to allege a third party collected an IP address, as opposed to the website-defendant. Further, Defendant is not in danger of inconsistent rulings because Ms. Palacios is an absent class member in Plaintiffs' case here, so she will be covered by the Court's ultimate disposition of this matter.

grounds for "substantial disagreement" because all either analyzed claims against websites for their own collection of IP addresses, and/or ignored the controlling text of the statute.

*Finally*, the Court's Order is bolstered by the fact that the Ninth Circuit and California district courts have *repeatedly* applied CIPA to internet communications in all manner of contexts. *See*, *e.g.*, *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications."); *Yockey v. Salesforce, Inc.*, --- F. Supp. 3d ---, 2024 WL 3875785, at *7 (N.D. Cal. Aug. 16, 2024) ("The Court agrees with those Ninth Circuit district court decisions that have found that software qualifies as a device under [CIPA] Section 632."). This follows "the California Supreme Court's pronouncements regarding the broad legislative intent underlying CIPA to protect privacy, and the California courts' approach to updating obsolete statutes in light of emerging technologies." *In re Google Inc.*, 2013 WL 5423918, at *21 (N.D. Cal. Sept. 26, 2013); *see also Yockey*, 2024 WL 3875785, at *7 ("[T]he Legislature itself evinced a desire that the CIPA's statutory protections should extend across the developing field of technology."). Thus, reinforcing the lack of a "substantial disagreement" is the California Supreme Court's *mandate* that courts construe CIPA to apply to new technologies. This Court, other federal district courts, and the Ninth Circuit have all obliged. Defendant's citation to three state court decisions that ignored such controlling precedent is of no import.[3]

## II. AN INTERLOCUTORY APPEAL WILL ONLY UNNECESSARILY DELAY THE LITIGATION, NOT MATERIALLY ADVANCE ITS ULTIMATE TERMINATION

Defendant does not address this factor in its Motion and thereby waived it. *Wilridge v. Marshall*, 2014 WL 1217974, at *3 n.4 (N.D. Cal. Mar. 21, 2014) ("Generally, a court need not consider new issues raised for the first time in a reply brief."). Regardless, the Court should consider that Defendant "will have the opportunity to appeal" after trial and that "[t]he additional burden of … having to complete trial before taking the appeal is not substantial." *Stuart v. Radioshack Corp.*, 2009 WL 1817007, at *4 (N.D. Cal. June 25, 2009). "On the other hand, permitting the interlocutory appeal will … potentially postpone [a] trial for many months, thus materially prejudicing the Plaintiffs and disrupting the Court's calendar." *Id*. Accordingly, this factor is not met.

---

[3] *People v. Blair*, 25 Cal. 3d 640 (1979), does not change this, as that decision was issued before the Internet even existed.

### III. EVEN IF THERE IS A CONTROLLING QUESTION, ALLOWING DISCOVERY TO PROCEED WILL BETTER INFORM THE RECORD

Defendant argues that "legal questions about the scope of the pen register statute are controlling and dispositive." Mtn. at 7:16-17. Assuming *arguendo* Defendant is correct, allowing discovery to proceed and re-evaluating the need for appellate review better serves judicial economy.

*James v. Walt Disney Co.*, 2024 WL 664811 (N.D. Cal. Feb. 16, 2024), is instructive. There, the defendant sought interlocutory appeal of an order denying a motion to dismiss that found the plaintiffs had alleged an injury in fact sufficient for Article III standing. *Id.*, at *1. Although whether the plaintiffs had suffered an injury was a threshold legal question, the court found that "the ultimate question of Article III jurisdiction may turn on a full assessment of the facts, including precisely what information is collected and what is done with the information." *Id*. Accordingly, the court denied the motion for interlocutory appeal without prejudice, finding "the outcome of the litigation would be more materially advanced if the court were to establish the full set of relevant facts on which to base the determination whether there is sufficient Article III injury, especially if that determination is fact intensive." *Id.*, at *3.

So too here. Discovery into the mechanics of the Trackers and how IP addresses are collected will better inform any appellate assessment of whether the Trackers qualify as "pen registers" under Cal. Penal Code § 638.50. Similarly, Defendant argued at the motion to dismiss hearing that "Plaintiffs had not established an injury under Section 637.2 because Plaintiffs had no privacy interest in their IP addresses." *Shah*, 2024 WL 4539577, at *5. Discovery regarding "whether information is simply collected or instead collected and disclosed, or how information is used, might also factor into the privacy calculus." *James*, 2024 WL 664811, at *3. Thus, allowing discovery to proceed will better inform the record and crystalize the issues for any interlocutory appeal. In the interim, because "complete facts are in need of development, certification under § 1292(b) is not appropriate." *Id*., at *2.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated: December 3, 2024         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   /s/ *L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
            ehorne@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiffs*