RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
DEBORAH HEDLEY (CSB No. 276826)
deborah@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
STEPHANIE ALVAREZ SALGADO (CSB No. 334886)
stephanie@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
Fandom, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VISHAL SHAH and JAYDEN KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No: 3:24-cv-01062-RFL<br><br>**DEFENDANT FANDOM, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER CERTIFYING THE MOTION TO DISMISS ORDER FOR INTERLOCUTORY APPEAL** |

## I. THERE ARE SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF OPINION

There are substantial grounds for a difference of opinion as to whether the pen register statute subjects someone who records a sender's IP address in an outbound, non-telephonic communication to civil and criminal liability. At least three state courts have come to the opposite conclusion as this Court on this issue, and the three different bases these courts gave shows the wide range of opinion. *See* Dkt. 38-2 (holding that a process or device that records an IP address is not a pen register); Dkt. 31, Ex. A (holding that a process or device that records addressing information of the sender of an outbound communication is not a pen register); Dkt. 20-15 at 6 (holding that voluntarily disclosing an IP address by visiting a website raises an issue of consent). The public and courts would benefit from early resolution by the Ninth Circuit of these substantial differences of opinion and potential criminalization of basic internet activity.

The cases Plaintiffs rely on to argue that this difference of opinion is insubstantial are inapt. *See* Opp. at 2. In *Kellman v. Spokeo, Inc.*, there was only one case that was merely "in some tension with" the court's order. No. 3:21-CV-08976, 2022 WL 2965399, at *2 (N.D. Cal. July 8, 2022); *see* Opp. at 2. *Kellman* also denied the motion to certify because, unlike here, the issue was not case dispositive and the facts in the case the defendant relied on were "materially different." 2022 WL 2965399, at *3. *Spears v. Washington Mut. Bank FA* denied certification because the case that supposedly presented a difference of opinion dealt with a different issue than the one decided by the court. *See* No. 08-CV-00868, 2010 WL 54755, at *3 (N.D. Cal. Jan. 8, 2010). And the defendant in *Couch v. Telescope Inc.* did not provide any case that conflicted with the district court's construction of the relevant statute. 611 F.3d 629, 633 (9th Cir. 2010).

None of these cases cited by Plaintiffs apply. Fandom cited three cases with contradictory holdings, unlike *Kellman*, *Spears*, or *Couch*. These cases are not merely "in tension with" the Court's order; they applied the same law to nearly identical facts and arrived at different conclusions. One such case involves the same website, defendant, and alleged conduct.[1] *See*

[1] Plaintiffs argue that allowing someone who brought dismissed claims to recover for those same claims as a class member is not inconsistent, Opp. at 3 n.2, but this just highlights the inconsistency.

Dkt. 31, Ex. A. This is a substantial difference of opinion.

Plaintiffs' argument that this case is distinguishable from those cited by Fandom because they addressed allegations that a defendant collected IP addresses rather than a third party fails. *See* Opp. at 3. First, both *Palacios* and *Rodriguez* alleged collection of IP addresses by third parties. *See* Dkt. 38-4 (*Palacios* FAC) ¶¶ 33 (third-party company developed beacon provided to the defendant), 38 (beacon sends user's IP address to the beacon's developer), 47 & n.2 (beacons are third-party scripts), 52 (beacon's developer provides services to defendant), 54 (naming third-party developers), 58–66 (specific allegations about third-party developers); Dkt. 38-3 ¶¶ 33, 38, 47 & n.2, 54, 57–65 (same for *Rodriguez*). Second, the identity of the party collecting the information is irrelevant to the issue here—whether the pen register statute applies to the collection of an IP address of a sender by *any* party. Third, Plaintiffs' complaint seeks to hold Fandom liable for the installation and use of a pen register—not any third party—just like the plaintiff in each case cited by Fandom. Thus, Plaintiffs' supposed distinction is irrelevant.

The Court should also reject Plaintiffs' argument that the Court should ignore unpublished decisions by a state court. *See* Opp. at 2–3 (citing Cal. R. Ct. 8.1115(a)). The rule cited by Plaintiffs is an inapplicable state procedural rule and only applies to appellate opinions, not superior court opinions like those cited by Fandom. *See* Cal. R. Ct. 8.1115(a) (addressing only "an opinion of a California Court of Appeal or superior court appellate division").

The federal cases cited by Plaintiffs do not negate that there is a substantial difference of opinion. *See* Opp. at 2. Neither *Greenley* nor *Moody* address all the issues here. For example, *Greenley* held that a pen register need not be a physical device, but did not consider whether "addressing information" for an outbound communication is limited to addressing information of the recipient, as Fandom argued in its Motion to Dismiss. *See* Dkt. 20 at 10–13. Further, *Rodriguez* considered and distinguished *Greenley* because it did not address collecting an IP address of a sender or whether the pen register statute applies to non-telephonic devices. *See* Dkt. 38-2 at 3; *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1035–36 (S.D. Cal. 2023) (allegation was that defendant intercepted entirety of communications from a cellphone). *Moody v. C2 Educ. Sys. Inc.* only held that a pen register need not be a physical device and did not consider whether

a sender's IP address is within the scope of the pen register statute. *See* No. 2:24-CV-04249, 2024 WL 3561367, at *2 (C.D. Cal. July 25, 2024). And even if these cases were on point, that does not mean there are no substantial grounds for a difference of opinion.

## II. <u>THERE IS A CONTROLLING LEGAL QUESTION</u>

Plaintiffs argue that Fandom somehow waived the argument that the legal question presented is controlling and that resolving it would materially advance the litigation. *See* Opp. at 4. Fandom did not waive this argument. *See* Mot. at 7 (resolving legal question would materially advance litigation because it is "controlling and dispositive").

Resolving the legal question presented is dispositive. There is no dispute that Plaintiffs' allege the recording of a sender's own IP address in an outbound, non-telephonic communication. Plaintiffs rely on *Stuart v. Radioshack Corp.* to argue that an appeal would entail prejudicial delay and disruption to the Court's calendar. *See* Opp. at 4. But "bulk of the litigation [had] already been conducted" there and trial was months away. *Stuart v. Radioshack Corp.*, No. 07-CV-04499, 2009 WL 1817007, at *4 (N.D. Cal. June 25, 2009). The opposite is true here because this case is in the initial stages.

## III. <u>DISCOVERY IS UNNECESSARY</u>

Plaintiffs' argument that discovery into how IP addresses are collected would somehow be helpful is wrong. *See* Opp. at 5. The case cited by Plaintiffs alleged collection of unspecified information about browsing history, search history, and purchase behavior, and the court held that discovery into what specific information was collected would be helpful. *See James v. Walt Disney Co.*, No. 23-CV-02500, 2024 WL 664811, at *1 (N.D. Cal. Feb. 16, 2024). Here, Plaintiffs specifically allege that their IP addresses were collected, so no such discovery is needed.

## IV. <u>CONCLUSION</u>

Fandom is now subject to two contradictory orders on the same issue about the same website and the Court's Order would subject Fandom and nearly every website provider to civil and criminal liability for basic internet functionality. Fandom asks that the Court certify its order for interlocutory appeal to provide clarity and a speedy resolution to settle this issue.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: December 10, 2024

*/s/ Sean Apple*
Sean Apple

Attorneys for Defendant
FANDOM, INC.