UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VISHAL SHAH, et al.,
Plaintiffs,
v.
FANDOM, INC.,
Defendant.

Case No. 24-cv-01062-RFL

**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR INTERLOCUTORY APPEAL**

Re: Dkt. Nos. 34, 38

Plaintiffs Vishal Shah and Jayden Jim brought this class action lawsuit against Fandom alleging that its website caused their browsers to download third-party tracking software ("Trackers"). It is Plaintiffs' contention that these Trackers are unauthorized pen registers under § 638.51(a) of the California Penal Code. On May 30, 2024, Fandom moved to dismiss Plaintiffs' First Amended Complaint. (Dkt. No. 20.) The Court denied the motion on October 21, 2024. (Dkt. No. 34.) Now, Fandom moves for leave to file a motion for reconsideration of the previous order denying the motion to dismiss or, in the alternative, for certification for interlocutory appeal. For the reasons stated below, the motions are **DENIED**. This order assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

***Motion for Reconsideration***. A party seeking leave of court to file a motion for reconsideration must show (1) a material change in fact or law from that which was presented to the Court before entry of the interlocutory order; (2) the emergence of new material facts or a change of law occurring after the time of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before

entry of the order. Civ. L.R. 7-9(b). None of these requirements have been met. Fandom cites the California Superior Court's decision in *Rodriguez v. Plivo, Inc.*, which was decided after the October 1 hearing on Fandom's motion to dismiss. *Rodriguez*, however, involved a situation where the plaintiff voluntarily provided her IP address to defendant, as evidenced by the fact that her browser could not have accessed the defendant's website without providing her IP address. Moreover, the motion to dismiss order explains why the reading of the pen register statute adopted by *Rodriguez* is contrary to the statutory text. Fandom also asks the Court to give another California Superior Court decision, *Palacios v. Fandom, Inc.*, and its discussion of the statute's legislative history, greater consideration. The motion to dismiss order already took notice of the legislative history and that opinion, and explained why the legislative history did not support Fandom's position or override the plain text of the statute. Accordingly, the motion for leave to file a motion for reconsideration is denied.[1]

***Motion for Certification for Interlocutory Appeal.*** Requests for certification for an interlocutory appeal are only granted in exceptional circumstances. To grant such a request, the district court must be "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party making the request bears the burden of demonstrating that these requirements have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

No substantial ground for difference of opinion exists at this time as to warrant certification for interlocutory appeal. Thus far, there have only been three federal district court cases, including this one, interpreting the pen register statute's application to Trackers of this type. *E.g.*, *Moody v. C2 Educ. Sys. Inc.*, No. 24-cv-04249, 2024 WL 3561367 (C.D. Cal. July 25, 2024); *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023). All three have

[1] Fandom also argues that "[t]o the extent that the collection of IP addresses is regulated, it is regulated by the CCPA." (Dkt. No. 38 at 9.) That argument was not cited in the briefs on the motion to dismiss and does not constitute a new development in the law. Accordingly, the argument is waived.

reached the same conclusion: that the allegations state a claim under California's pen register statute. Although several unpublished state trial court decisions have reached a different conclusion, those opinions are not controlling, even in the California state courts. That variation is "insufficient to establish a substantial ground for difference of opinion." *Spears v. Washington Mut. Bank FA*, No. 08-00868, 2010 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010); *see also Couch*, 611 F.3d at 633 (the relevant inquiry asks, "to what extent [is] the *controlling law* [] unclear" (emphasis added)). This is especially true where the state court decisions did not engage in the same extended interpretation of the statutory terms, but instead drew analogies based on a pen register's traditional functionality and relied on the legislative history.

Nor would certifying the issue for interlocutory appeal at this early stage materially advance the termination of the litigation. As the Court indicated in its original order, whether users had a reasonable expectation of privacy in their IP addresses vis a vis third parties is a fact-sensitive question. Allowing discovery to proceed will permit development of a more fulsome record for consideration of the issue. Accordingly, certification for appeal under § 1292(b) is not appropriate at this time. Fandom's motion is denied without prejudice to readdressing the issue at a later phase.

Nonetheless, the Court recognizes that this case presents novel and significant issues regarding the scope of the pen register statute as applied to tracking software. In the parties' upcoming case management statement due January 8, 2024, they shall address whether it would make sense to proceed to cross-motions on summary judgment on the named Plaintiffs' claims prior to class certification, which would require Fandom to waive its right to one-way intervention, as described in the Court's Civil Standing Order.

**IT IS SO ORDERED.**

Dated: December 16, 2024

RITA F. LIN
United States District Judge