**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH and JAYDEN KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No.: 3:24-cv-01062-RFL |

**SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING NOTICE PLAN**

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1. My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3. I am a Senior Vice President of Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Managing Director of Epiq Legal Noticing (aka Hilsoft Notifications), a business unit of Epiq that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

4. I previously executed my *Declaration of Cameron R. Azari, Esq. Regarding Notice Plan* on October 16, 2025, ("Notice Plan Declaration") which described the Settlement notice plan ("Notice Plan")

and notice (the "Notice" or "Notices") proposed here for *Shah v. Fandom, Inc.*, Case No. 3:24-cv-01062, pending in the United States District Court for the Northern District of California. In my Notice Plan Declaration, I detailed Epiq's class action notice experience, attached Epiq's curriculum vitae., and provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

5. The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of business at Epiq and Epiq Legal Noticing (hereinafter "Epiq").

6. I am aware of the *Court's Order Requesting Supplemental Briefing* ("Order"), issued on December 4, 2025. This declaration provides additional information regarding the Notice Plan and planned settlement administration to address the questions posed by the Court in the Order.

***Spanish Noticing***

7. In the Order, the Court inquired whether the website for the Settlement will have the Long Form Notice and Claim Form available in Spanish and whether the IVR will have Spanish assistance available. Epiq will have both the Long Form Notice and Claim Form translated into Spanish and available on the website for the Settlement. In addition, the website for the Settlement homepage will include a prominent call out alerting Settlement Class Members of the availability of information in Spanish via the Long Form Notice and Claim Form. Callers will also be able to access Spanish on the toll-free telephone number IVR to be established as part of the settlement administration. In addition, as detailed in my Notice Plan Declaration, the digital media noticing includes both English and Spanish and the Informational Release will run in both English and Spanish.

***Projected Claims Rate***

8. As detailed in my Notice Plan Declaration, claims rates vary depending on multiple factors and can be challenging to predict with certainty. Since the precise size of the Settlement Class is unknown for this Settlement, Epiq analyzed similar consumer settlements that had an unknown class size to determine the estimated number of claims that may be filed for this Settlement. Another important factor that was considered was the method of providing notice. Given that individual notice, including reminder noticing is not an option for this Settlement, this was a consideration and taken into account in

providing a more conservative claims estimate of approximately 3,000 to 5,000 valid claims (after fraudulent claims are denied) in my Notice Plan Declaration. In the *Mirmalek v. Los Angeles Times Commc'ns, LLC*, No. 3:24-cv-1797 (N.D. Cal.) case cited in the Order as a comparable settlement, the defendant had the "billing address" for "approximately 335,000" members of that settlement class. Had data similar to this been available here for direct notice, our claim rate projection would have been higher. Based on Epiq's extensive experience, we do think it is possible a larger volume of valid claims may be filed, but did not want to set unrealistic expectations. Regarding detecting fraudulent claims, Epiq does not publicly list the criteria it uses to evaluate fraudulent claims because, if it were to do so, then bad actors would know what not to do and thus, circumvent the safeguards put in place.

***Long Form Notice***

9. Per the Court's Order, the Long Form Notice has been updated with additional text stating that the Final Approval Hearing will be held both in person and via Zoom. The updated Long Form Notice is included as **Attachment 1**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed December 11, 2025.

Cameron R. Azari, Esq.

# Attachment 1

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
*Shah v. Fandom, Inc.*, Case No. 3:24-cv-01062-RFL

**If You Accessed Gamespot In California Between January 5, 2023 and ____,
You May Be Entitled to a Payment From a Class Action Settlement.**

***A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.***

- A settlement has been reached in a class action lawsuit against Fandom, Inc. The class action lawsuit alleges that that Defendant, Fandom, Inc., installed and used three trackers—the GumGum Tracker, Audiencerate Tracker, and TripleLift Tracker (the "Trackers")— on Website visitors' internet browsers, without consent and in violation of Section 638.51(a) of the California Invasion of Privacy Act ("CIPA").

- You are included if you are a person who accessed www.gamespot.com or any of its subdomains in the state of California from January 5, 2023 to and through ________.

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING BY [DATE]** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

**1. Why was this Notice issued?**

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Rita F. Lin, of the U.S. District Court for the Northern District of California, is overseeing this case. The case is called *Shah v. Fandom, Inc.*, Case No. 3:24-cv-01062-RFL. The person who has sued is called the Plaintiff. The Defendant is Fandom, Inc.

**2. What is a class action?**

In a class action, one or more people called the class representatives (in this case, Vishal Shah and Jayden Kim) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

**3. What is this lawsuit about?**

This lawsuit alleges that that Defendant, Fandom, Inc., installed and used three trackers—the GumGum Tracker, Audiencerate Tracker, and TripleLift Tracker (the "Trackers")— on Website visitors' internet browsers, without consent and in violation of Section 638.51(a) of the California Invasion of Privacy Act ("CIPA"). The Defendant denies that it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**4. Why is there a Settlement?**

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am in the Settlement Class?**

The **Settlement Class** is defined as:

all persons who accessed the www.gamespot.com and its subdomains (the "Website") in California and had their IP address collected by the Trackers between January 5, 2023 to through, and including, ____________.

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

Defendant has created a Settlement Fund totaling $1,200,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about

the Settlement, attorneys' fees, and an award to the Class Representative will also come out of this fund (*see* Question 13).

**7. How much will my payment be?**

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 90 days after the Settlement has been finally approved and/or any appeals process is complete. The payment will be made in the form of a check, unless you elect to receive payment by PayPal or Venmo, and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get a payment?**

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted by clicking here [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download here [hyperlink].

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.23 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed the law firm of Bursor & Fisher, P.A. to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for this lawyer. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the $1.2 million Settlement Fund, but the Court may award less than this amount.

As approved by the Court, the Class Representative will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representative will seek no more than $5,000 as an incentive award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Shah v. Fandom, Inc.*, Case No. 3:24-cv-01062-RFL settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

Gamespot CIPA Settlement
0000 Street
City, ST 00000

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the Settlement?**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Shah v. Fandom, Inc.*, Case No. 3:24-cv-01062-RFL and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, an explanation of the basis upon which you claim to be a Settlement Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline].** Notwithstanding these requirements, upon a showing of good cause to the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

| Court | Class Counsel | Defendant's Counsel |
| --- | --- | --- |
| The Hon. Rita F. Lin<br>San Francisco Courthouse, Courtroom 15<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | Max S. Roberts<br>Bursor & Fisher PA<br>1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596 | Ryan Tyz<br>Tyz Law Group PC<br>4 Embarcadero Center, 14th Fl.<br>San Francisco, CA 94111 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [1:30 pm] on **Month 00, 2025** in Courtroom 3 at the U.S. Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102. The Hearing will also take place via Zoom at https://cand.uscourts.gov/judges/rfl/lin-rita-f.

The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.gamespotsettlement.com]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Shah v. Fandom, Inc.*, Case No. 3:24-cv-01062-RFL." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17. Notwithstanding these requirements, upon a showing of good cause to the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

## GETTING MORE INFORMATION

### 22. Where do I get more information?

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www.gamespotsettlement.com, by contacting class counsel at info@bursor.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.