1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

12
13
14
15
16
17
18

| | |
|---|---|
| VISHAL SHAH, and JAYDEN KIM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No. 3:24-cv-01062-RFL<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Rita F. Lin |

19
20
21
22
23
24
25
26
27
28

1  Before the Court is Plaintiffs Vishal Shah and Jayden Kim's ("Plaintiffs") Motion for
2  Preliminary Approval of Class Action Settlement ("Motion"). Plaintiffs and Defendant Fandom,
3  Inc. ("Fandom") have entered into a Class Action Settlement Agreement, dated October 14, 2025
4  ("Settlement Agreement"). The Court has thoroughly reviewed the Settlement Agreement,
5  including the proposed forms of class notice and other exhibits thereto, the Motion, and the
6  papers and arguments in connection therewith. For the reasons stated on the record at the
7  preliminary approval hearing on December 16, 2025, which are incorporated in this Order, and
8  good cause appearing, the Court hereby ORDERS as follows:

9      1.    Capitalized terms not otherwise defined herein have the meanings set forth in the
10 Settlement Agreement.

11     2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.
12 § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members.
13 Venue is proper in this District.

14     3.    The Motion is GRANTED.

15     4.    The Court hereby preliminarily approves the Settlement Agreement and the terms
16 embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able
17 to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the Settlement
18 Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that
19 the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members
20 under the relevant considerations. The Court finds that Plaintiffs and Proposed Class Counsel
21 have adequately represented and will continue to adequately represent the Settlement Class. The
22 Court further finds that the Settlement Agreement is the product of arms' length negotiations by
23 the Parties through the use of an experienced mediator. The Court preliminarily finds that the
24 relief provided—a non-reversionary common settlement fund of $1.2 million—is adequate
25 considering, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to
26 Settlement Class Members, and the proposed method of distributing payments to the Settlement
27 Class (*i.e.*, direct payment via check). The Court preliminarily finds that the Settlement
28 Agreement treats the Settlement Class Members equitably relative to each other, and that the

1  proposed allocation of the Settlement Fund to Settlement Class Members is reasonable and
2  equitable. Under the terms of the Settlement Agreement, all Settlement Class Members are
3  eligible to submit a claim for a payment. The Court preliminarily finds that the payment
4  allocation provided in the Settlement Agreement is reasonable and equitable.

5    5.   The Court hereby provisionally certifies, for settlement purposes only, a
6  "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of: all persons who
7  accessed www.gamespot.com, or any of its subdomains, in California and had their information
8  collected by the Trackers between January 5, 2023 to the present, meaning the Effective Date of
9  the Settlement.

10   6.   The Court finds that for settlement purposes only, the Settlement Class, as defined
11  above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—
12  namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is
13  impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical
14  of those of the Settlement Class Members; (4) Plaintiffs and Class Counsel have adequately
15  represented, and will continue to adequately represent, the interests of the Settlement Class
16  Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and
17  superiority requirements of Fed. R. Civ. P. 23(b)(3).

18   7.   Certification of the Settlement Class shall be solely for settlement purposes and
19  without prejudice to the Parties. In the event the Settlement Agreement is not finally approved
20  by this Court or otherwise does not take effect, the Parties preserve all rights and defenses
21  regarding class certification.

22   8.   The Court hereby appoints Plaintiffs Vishal Shah and Jayden Kim as the Class
23  Representatives to represent the Settlement Class.

24   9.   The Court hereby appoints the law firm of Bursor & Fisher, P.A. as Class Counsel
25  for the Settlement Class.

26   10.  The Court hereby appoints Epiq Systems, Inc. ("Epiq") as Settlement
27  Administrator and directs Epiq to carry out all duties and responsibilities of the Settlement
28  Administrator as specified in the Settlement Agreement and herein.

**Notice Program**

11.     Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed notice program set forth at Section 4 of the Settlement Agreement, and further described in the original and supplemental Declarations of Cameron Azari (Dkt. Nos. 71-7 and 77), including the form and content of the proposed forms of class notice attached as Exhibit B to this Order. The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program—which includes a media and Internet notice program, and the establishment of a Settlement Website and Toll-Free Number—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the form of the notice is adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

12.     The Court directs the Settlement Administrator and the Parties to implement the notice program as set forth in the Settlement Agreement and described in the Azari Declarations.

13.     <u>Settlement Class Member Contact Information</u>: Pursuant to the Settlement Agreement, Fandom shall provide the available contact information of every Settlement Class Member that it has in its possession to the Settlement Administrator.

14.     <u>Publication, Media, and Internet Notice</u>: By no later than thirty (30) days following the entry of this Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall provide notice via a media and Internet notice program.

ORDER GRANTING PRELIMINARY APPROVAL       3
CASE NO. 3:24-CV-01062-RFL

15. <u>Settlement Website</u>:  The Settlement Administrator shall establish and maintain an Internet website ("Settlement Website"), where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates and deadlines, and related information. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall include, in PDF format, the Complaint in this Action, the Settlement Agreement, the long-form notice substantially in the form attached as Exhibit B to this Order, this Preliminary Approval Order, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed upon by the Parties and/or required by the Court, and shall be operational and live by no later than one day before the media and Internet notice program is disseminated. The Settlement Website shall be optimized for display on mobile phones. The Settlement Website shall remain operational until at least three months after the date the Settlement becomes Effective.

16. <u>Toll-Free Number</u>:  The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Settlement Class Members can obtain further information about the Settlement Agreement and their rights, and request that a hard copy Claim Form or long-form notice be mailed to them. The Toll-Free Number shall be operational and live by no later than one day before the first Mail Notice or Email Notice is disseminated and shall remain operational until at least three months after date the Settlement becomes Effective.

17. At least seven (7) calendar days prior to the final approval hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.

**Claims Procedure**

18. The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit A to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties

and the Settlement Administrator to implement the Claims Process.

**Opt-Out and Objection Procedures**

19. Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a request for exclusion that is postmarked or emailed no later than March 17, 2026 (the "Exclusion/Objection Deadline"). To be effective, the request for exclusion must include: (a) the Settlement Class Member's full name, telephone number, mailing address, and email address; (b) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of this Action: "Shah v. Fandom, Inc."; and (d) the Settlement Class Member's signature or a signature of an individual authorized to act on his or her behalf. Settlement Class Members cannot request exclusion as a class or group. Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion. Any Settlement Class Member who does not submit a timely and valid request for exclusion in accordance with this paragraph shall be bound by the Final Order and Judgment if and when it is entered. The Settlement Administrator shall provide copies of all timely and valid requests for exclusion to Class Counsel and Fandom's Counsel.

20. Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Class Counsel's motion for attorneys' fees, costs, or service awards. To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, and filed with or mailed to the Court, at the address listed in the long-form notice, postmarked/filed no later than March 17, 2026 (the "Exclusion/Objection Deadline"), and must include the following: (a) the name of this Action: "Shah v. Fandom, Inc."; (b) the full name, mailing address, telephone number, and email address of the objector; (c) the objector's signature or the signature of an individual authorized to act on his or her behalf; (d) a description of the specific reasons for the objection; (e) the name, address, bar number, and telephone number of counsel for the objector, if the objector is represented by

an attorney; (f) a list of any objections to class actions submitted by the objector or its attorney(s) within the previous 5 years; and (g) state whether the objector intends to appear at the final approval hearing either in person or through counsel. Only objections that are submitted in accordance with this paragraph shall be heard by the Court, unless the Court finds good cause to excuse this requirement. Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the final approval hearing, unless the Court finds good cause to excuse the failure, and shall be forever barred from making any objection to the proposed Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. Any Settlement Class Member who objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final. The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Class Counsel and Defendant's Counsel.

**Final Approval Hearing**

21. The Court will hold a final approval hearing on May 19, 2026 at 1:30 p.m. both in person at the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California 94102 and via Zoom at https://cand.uscourts.gov/judges/rfl/lin-rita-f. The purposes of the final approval hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing the Released Parties of all claims stated in Section 1.23 of the Settlement Agreement; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Class Counsel's motion for attorneys' fees, costs and service award; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

22. By no later than March 2, 2026, Plaintiffs and Class Counsel shall file any motion for attorneys' fees, costs, and service awards. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

23. By no later than May 7, 2026, Plaintiffs and Class Counsel shall file their motion for final approval of the Settlement Agreement. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

24. By no later than May 7, 2026, the Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or in support of Class Counsel's motion for attorneys' fees, costs, and service awards.

25. The Court may, in its discretion, modify the date and/or time of the final approval hearing, and may order that this hearing be held remotely or telephonically. In the event the Court changes the date, time, and/or the format of the final approval hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

26. Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the final approval hearing. Notwithstanding these requirements, upon a showing of good cause to the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

27. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and Other Administration Costs as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

28. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

29. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in

connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Fandom or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Fandom or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

30. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

31. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

32. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

33. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| EVENT | PROPOSED DEADLINE |
|---|---|
| CAFA Notice Pursuant to 28 U.S.C. § 1715(b) | October 24, 2025 |
| Establishment of Settlement Website | December 23, 2025 |
| Notice Date | January 16, 2026 |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Award | March 2, 2026 |
| Objection and Opt-Out Deadline | March 17, 2026 |
| Claims Deadline | April 16, 2026 |
| Final Approval Motion and Response to Any Objections | May 7, 2026 |
| Deadline to Submit Notices of Appearance at the Final Approval Hearing | May 7, 2026 |
| Supplement declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated consistent with the Settlement | May 12, 2026 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Final Approval Hearing | May 19, 2026 at 1:30 p.m. The Final Approval Hearing shall be held both in person and via Zoom at the "Join Zoom Hearing" link available here: https://cand.uscourts.gov/judges/rfl/lin-rita-f. |
| Award Issuance Date | Begins 14 days after Effective Date |

**IT IS SO ORDERED.**

Date:  December 16, 2025

HON. RITA F. LIN
UNITED STATES DISTRICT JUDGE