**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH, and JAYDEN KIM, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>FANDOM, INC.,<br><br>                              Defendant. | Case No. 3:24-cv-01062-RFL<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Rita F. Lin |

WHEREAS, pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e), the Parties seek entry of an Order Granting Final Approval of the Settlement fully executed on October 9, 2025 (ECF No. 73-1) (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice;

WHEREAS, the Court granted preliminary approval of the Settlement on December 16, 2025; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Motion for Final Approval of Class Action Settlement;

**IT IS HEREBY ORDERED** as follows:

1. **Defined Terms.** This Order incorporates by reference the definitions in the Settlement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. Class Certification for Settlement Purposes Only: The Court finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (iii) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (iv) the Class Representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (v) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court reaffirms and makes final its provisional findings rendered in the preliminary approval order that, for purposes of the Settlement only, the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are met.

3. Class Definition: Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court certifies, solely for purposes of effectuating the Settlement, the following Settlement Class: all persons who accessed www.gamespot.com, or any of its subdomains, in California and had their information collected by the Trackers between January 5, 2023 to the present, meaning the

Effective Date of the Settlement.  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

4.    Class Representatives and Class Counsel: The Court appoints Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.  The Court appoints Vishal Shah and Jayden Kim as the Class Representatives.

5.    Class Notice: Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class Members of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, Due Process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto. The record establishes that the Settlement Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. §§ 1715(b)(1-8).

6.    Approval of the Settlement: The Court finds that the requirements of Rule 23(e) of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied for the reasons described on the record at the final approval hearing, which are incorporated by reference, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement as being fair, just, reasonable and adequate to the Settlement Class Members. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs or delays associated with continued litigation, trial and/or appeal.  The Settlement is not a finding or

admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

7.    The Court has considered and finds Class Counsel and the Class Representatives have adequately represented the Settlement Class Members.  Plaintiffs, by and through their counsel, have investigated the pertinent facts and law, and have evaluated the risks associated with continued litigation, class certification, trial, and/or appeal.  The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

8.    The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing Settlement Class Member claims is reasonable and appropriate, and that the Settlement treats all Settlement Class Members equitably relative to each other.

9.    The Court has evaluated this overall reaction of the Class to the Settlement and finds that the overall acceptance of the Settlement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

10.    Disbursement of Settlement Fund: The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The parties are authorized to disburse funds from the Settlement Fund in accordance with the terms and conditions of the Settlement Agreement.

11.    Settlement Administrator: Epiq Systems, Inc. ("Epiq") is finally appointed to continue to serve as the Settlement Administrator.  The Settlement Administrator is directed to process all Claim Forms in accordance with the Settlement Agreement.  Class Counsel and Counsel for Defendant are hereby authorized to employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement.

12.    Settlement Administration Expenses: The Court authorizes the payment of the Settlement Administration Expenses from the Settlement Fund pursuant to Paragraphs 1.26 and 1.30 of the Settlement.

13.    Attorneys' Fees, Costs and Expenses: Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel total attorneys' fees, costs, and expenses in the amount of $399,962.96.

14.    Service Awards: The Court awards $5,000 each to Plaintiffs Vishal Shah and Jayden Kim as service awards for their participation in this matter.

15.    Dismissal: The Action is hereby dismissed with prejudice and without costs as against Defendant and the Released Parties.

16.    Releases: The deadline to file a claim was April 16, 2026.  Plaintiffs and all Settlement Class Members (except those persons identified in Exhibit 1, who have filed proper and timely requests for exclusion) and all persons acting on behalf of or in concert with any of the above, are hereby determined to have released the Released Claims as to the Released Parties.

17.    Fraud Verification Process.  Epiq is ordered to conduct the fraud verification process described in the Declaration of Loree Kovach (Dkt. No. 87).  In addition to the email notifications described, Epiq shall send text messages containing links to a new verification website page to telephone numbers provided by claimants who submitted Medium Indicia of Fraud Claim Forms.

18.    Status Report on Fraud Verification.  As discussed at the final approval hearing, Class Counsel shall file a status report regarding the fraud verification process on **August 13, 2026**.

19.    Post Distribution Accounting.  Ten percent of Class Counsel's awarded attorneys' fees and the entirety of the settlement administration fee except out of pocket expenses of $49,422 shall remain in the Settlement Fund until Class Counsel files a Post-Distribution Accounting, which shall include a description of fraud-prevention measures undertaken in the review of claims, and the Court authorizes the release of such fees from the Settlement Fund following its review of the Post-Distribution Accounting.

20. <u>Retaining Jurisdiction</u>. This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

21. <u>Schedule for Distribution of the Settlement Fund</u>. The Court hereby enters the following schedule for the administration of the Settlement:

| Event | Proposed Deadline |
| --- | --- |
| Effective Date | May 29, 2026 |
| Payment of Class Counsel's Attorneys' Fees (90%), Costs, and Expenses | June 8, 2026 |
| Payment of Service Awards | June 29, 2026 |
| Defendant to Pay the Settlement Fund Into the Escrow Account | July 3, 2026 |
| Fraud Verification Status Report | August 13, 2026 |
| Payments to Settlement Class Members with Approved Claims | August 27, 2026 |
| Post-Distribution Interim Accounting | September 17, 2026 |
| Distribution of Remaining Attorneys' Fees (10%) | September 27, 2026 |
| Distribution of Uncashed Settlement Checks to Settlement Class Members With Approved Claims, Or To *Cy Pres* | February 23, 2027 |
| Final Distribution Accounting | March 16, 2027 |

**IT IS SO ORDERED.**

Date:  May 19, 2026

Hon. Rita F. Lin
United States District Judge

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:24-CV-01062-RFL